WR-67,748-08

Mr. Reddie Houston
264 FM 3478 ROAD
HUNTSVILLE, Texas 7732?

COURT OF CRIMINAL APPEALS
P.O. Box 12308
CAPITaL STATION
AUSTIN, TEXAS 78711

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

JUN 03 2015

Abel Acosta, Clerk

Dear Clerk:

My name is Mr. Reddie Houston. I am incarcerated at the ESTELLE UNIT.
File these legal documents under the Rules of Appellate Procedure.
Notify me that you have received them and filed them on docket.
Thank you for your time and convenience.

Sincerely,
Mr. Reddie Houston

Mr. Reddie Houston

# RULE 66. DISCRETIONARY REVIEW IN GENERAL

# RULE 66.1. WITH OR WITHOUT PETITION

The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.

# RULE 66.2. NOT A MATTER OF RIGHT

Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

## RULE 66.2. NOT A MATTER OF RIGHT

Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

# RULE 66.3. REASONS FOR GRANTING REVIEW

While neither controlling nor fully measuring the Court of Criminal Appeals' discretion, the following will be considered by the Court in deciding whether to grant discretionary review:

(a) whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b) whether a court of appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals;

(c) whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(d) whether a court of appeals had declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(e) whether the justices of a court of appeals have disagreed on a material question of law necessary to the courts decision; and

(f) whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

# RULE 66.4. Documents to Aid Decizzion

(a) Acquiring Documents. The Court of Criminal Appeals or any judge of the Court may order the court of appeals clerk to promptly send the following items to the Court in order to aid it in deciding whether to grant discretionary review:

(1) the appellate record;

(2) a copy of the opinions of the court of appeals;

(3) a copy of the motions filed in the court of appeals; and

(4) certified copies of any judgment or order of the court of appeals.

(b) Return of Documents. If discretionary review is not granted, the clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk.

# RULE 67. DISCRETIONARY REVIEW

# Rule 67.1. Four Judges' Vote

By vote of at least four judges, the Court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issues. An order granting review will be filed with the clerk of the clerk of the Court of Criminal Appeals, who must send a copy to the court of appeals clerk.

# Rule 67.2 Order Stayzng Mandate

To provide enough time for the Court of Criminal Appeals is to decide whether to grant discretionary review under 67.1, the Court—or any judge of the Court—may file with the clerk of the court of appeals an order staying the court of appeals' mandate. The order must be signed by a judge of the Court of Criminal Appeals. The clerk of the Court of Criminal Appeals must immediately send a copy of the order to the court of appeals clerk.

# Rule 67.3. Time to Issue Mandate Extended

Unless otherwise limited in the order itself, an order staying the court of appeals' mandate under 67.2 will extend for an additional 45 days the time before issuance of the court of appeals' mandate. An order granting review prevents the issuance of the court of appeals' mandate pending the further order of the Court of Criminal Appeals. If four judges do not agree to grant review within that time the court of appeals clerk must issue the mandate.

# RULE 68. DISCRETIONARY REVIEW WITH PETITION

# Rule 68.2. Generally

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

Rule 68.2. Generally

# Rule 68.2 Time to File Petition

(a) First petition. The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.

(b) Subsequent petition. Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) Extension of time. The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

# RULE 68.3. WHERE TO FILE PETITION

The petition and all copies of the petition must be filed with the clerk of the court of appeals, but if the State's Prosecuting Attorney files a petition, the State's Prosecuting Attorney may file the copies of the petition—but not the original—with the clerk of the Court of Criminal Appeals instead of with the court of appeals clerk.

# Rule 68.4. Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas." and must state the name of the party or parties applying for review. The petition must contain the following items:

(a) Table of contents. The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(b) Index of authorities. The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(c) Statement regarding oral argument. The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why argument should or should not be heard.

(d) Statement of the case. The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(e) Statement of procedural history. The petition must state:

(1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2) the date any motion for rehearing was filed (or a statement that none was filed); and

(3) the date the motion for rehearing was overruled or otherwise disposed of.

(f) Grounds for review. The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentive or repetitious.

(g) Argument. The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(h) Prayer for relief. The petition must state clearly the nature of the relief sought.

(i) Appendix. The petition must contain a copy of any opinion of the court of appeals.

# RULE 68.5. LENGTH OF PETITION AND REPLY

The petition must be no longer than 15 pages, exclusive of pages containing the table of contents, index of authorities, the statement regarding oral argument, the statement of the case, the statement of procedural history, and the appendix. A reply may be no longer than 8 pages, exclusive of the items stated above. The Court may, on motion, permit a longer petition or reply.

# Rule 68.6: Nonconforming Petition

The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthly or that does not conform to these rules,

# Rule 68.7. Court of Appeals
## Clerk's Duties

(a) On filing of the petition. Upon receiving the petition, the court of appeals clerk must file the original petition and note the filing on the docket.

(b) Reply. The opposing party has 30 days after the timely filing of the petition in the court of appeals to file a reply to the petition with the clerk of the court of appeals. Upon receiving a reply to the petition, the clerk for the court of appeals must file the reply and note the filing docket.

(c) Sending Petition and Reply to the Court of Criminal Appeals. Unless a petition for discretionary review is dismissed under Rule 50, the clerk of the court of appeals must, within 60 days after the petition is filed, send to the clerk of the Court of Criminal Appeals the petition and any copy furnished by counsel, the reply, if any, any copies furnished by counsel, together with the record, copies of the motions filed in the case, and copies of any judgments, opinions, and orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless order to do so by the Court of Criminal Appeals.

Amended effective Sept. 1, 2008.

# RULE 68. 8. COURT OF CRIMINAL APPEALS
## CLERK'S DUTIES ON RECEIPT OF PETITION

The clerk of the Court of Criminal Appeals will receive a petition for discretionary review, file the petition and the accompanying record from the court of appeals, note the filing of the petition and record on the docket, and notify the parties by U.S. Mail of the filing. The Court may dispense with notice and grant or refuse the petition immediately upon its filing.

[RULE 68.9. REPLY]

[The opposing party has 30 days after the timely filing of the petition in the Court of Criminal Appeals—unless addition time is allowed—to file a reply to the petition with the Clerk of the Court of Criminal Appeals. When a reply is filed or the time for filing a reply has expired, the petition will be treated as submitted to the Court and ready for disposition.]

Repealed effective Sept. 1, 2008.

## RULE 68.20, AMENDMENT

The petition or a reply may be amended or supplemental within 30 days after the original petition was filed in the court of appeals or at any time when justice requires. The record may be amended in the Court of Criminal Appeals under the same circumstances and in the same circumstances and in the same manner as in the court of appeals.

# RULE 68.11. SERVICE ON STATE PROSECUTING ATTORNEY

In addition to the service required by Rule 9.5, service of the petition, the reply, and amendment or supplementation of a petition or reply must be made on the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711.

# RULE 69. ACTION OF COURT ON PETITION FOR DISCRETIONARY REVIEW AND AFTER GRANTING REVIEW

RULE 69. ACTION OF COURT ON PETITION FOR DISCRETIONARY REVIEW AND AFTER GRANTING REVIEW

# Rule 69.1 Granting or Refusal

If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is refused. If four judges vote to grant a petition, the Court will enter a docket notation that discretionary is granted.

# RULE 69.2. SETTING CASE FOR SUBMISSION

If discretionary review is granted, either on the petition of a party or by the Court on its own initiative, the case will be set for submission.

## RULE 69.3. IMPROVIDENT GRANT OF REVIEW

If, after granting discretionary review, five judges are of the opinion that discretionary review should not have been granted, the case will be dismissed.

# Rule 69.4. Clerk's Duties

(a) On refusal or dismissal. When the Court refuses or dismisses a petition, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that the petition was refused or dismissed. The clerk will retain the petition and all other items filed in the case for at least 15 days from the date of the refusal or dismissal. At the end of that time, if no motion for rehearing has been timely filed, or upon the overruling or dismissal of such a motion, the clerk will send to the court of appeals clerk a certified copy of the order refusing or dismissing the petition (as well as any order overruling a motion for rehearing). The clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk but will retain the petition, and other documents filed in the Court of Criminal Appeals.

(b) On granting review. If the Court grants discretionary review, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that discretionary review was granted.

# RULE 70. BRIEF ON THE MERITS

RULE 70. BRIEF ON THE MERITS

# Rule 10.1. Initial Brief

If review is granted, the petitioner—or, if there was no petition the party who lost in the court of appeals—must file a brief within 30 days after review is granted.

## Rule 70.2 Reply Brief

The opposing party must file a brief within 30 days after the petitioner's brief is filed.

# RULE 70.3. BRIEF CONTENTS AND FORM

Briefs must comply with the requirements of Rule 38, except that they need not contain the appendix (Rule 38.1 (k) 2). Copies must be served as required by Rule 68.2 f.

Amended effective Sept. 1, 2008.

# RULE 70.4. OTHER BRIEFS

The Court of Criminal Appeals may direct that a party file a brief, or an additional brief, in a particular case,

# RULE 71. DIRECT APPEALS

# Rule 71.1. Direct Appeal

Cases in which the death penalty has been assessed under Code of Criminal Procedure article 37.071, and cases in which bail has been denied in non-capital cases under Article I, Section 11a of the Constitution, are appealed directly to the Court of Criminal Appeals.

# RULE 71.2. RECORD

The appellate record should be prepared and filed in accordance with Rule 31, 32, 34, 35, and 37, except that the record must be filed in the Court of Criminal Appeals. After disposition of the appeal, the Court may discard copies of juror information cards or other portions of the clerk's record that are not relevant to an issue on appeal.

# RULE 71.3. BRIEFS

Briefs in a direct appeal should be prepared and filed in accordance with Rule 38, except that the brief need not contain an appendix (Rule 38.1(k)), and the brief in a case in which the death penalty has been assessed may not exceed 125 pages. All briefs must be filed in the Court of Criminal Appeals. The brief must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived.

Amended effective Sept. 1, 2008.

# Rule 72.2. Leave to File

A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules.

# RULE 72.2 DISPOSITION

If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a motion for leave.

# RULE 73. POSTCONVICTION APPLICATIONS FOR WRITS OF HABEAS CORPUS

# RULE 73.1. Form of Application in Felony Case (other than Capital)

(a) **Prescribed Form.** An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.

(b) **Availability of Form.** The clerk of the convicting court will make the forms available to applicants on request, without charge.

(c) **Contents.** The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts each ground. The application must not cite cases or other law; Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

(d) **Verification.** The application must be verified by either:

(1) oath made before a notary public or other officer authorized to administer oaths, or

(2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Civil Practice and Remedies Code 132.

## RULE 73.2. NONCOMPLIANCE

The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

# RULE 74. REVIEW OF CERTIFIED STATE CRIMINAL-LAW QUESTIONS

## Rule 74.2. Certification

The Court of Criminal Appeals may answer questions of Texas criminal law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas criminal law having no controlling Court of Criminal Appeals precedent. The Court may decline to answer the questions certified to it.

## Rule 74.2. Contents of the Certification Order

An order from the certifying court must set forth:

(a) the questions of law to be answered; and

(b) a stipulated statement of all facts relevant to the questions certified, showing fully the nature of the controversy in which the questions arose.

# Rule 74.3, Transmission of Certification Order

The clerk of the certifying court must send to the clerk of the Court of Criminal Appeals the following:

(a) the certification order under the certifying court's official seal;

(b) a list of the names of each party to the pending case, giving the address and telephone number, if known, of any party not represented by counsel; and

(c) a list of the names and addresses of counsel for each party.

# Rule 74. 4. Transmizssion of Record

The certifying court should not send to the Court of Criminal Appeals the record in the pending case with the certification order. The Court of Criminal Appeals may later require the original or copies of all are part of the record before the certifying court to be filed with the Court of Criminal Appeals clerk.

# Rule 74.5. Notice

If the Court of Criminal Appeals agrees to answer the questions certified to it, the Court will notify all parties and the certifying court. The Court of Criminal Appeals clerk must also send a notice to the Attorney General of Texas if:

(a) the constitutionality of a Texas statute is the subject of a certified question that the Court of Criminal Appeals has agreed to answer; and

(b) the State of Texas or an officer, agency, or employee of the State is not a party to the proceeding in the certifying court.

# Rule 74.6. Briefs and Oral Argument

(a) Briefs. The appealing party in the certifying court must file a brief with the clerk of the Court of Criminal Appeals within 30 days after the date of the notice. Opposing parties must file an answering brief within 15 days of receiving the opening brief. Briefs must comply with Rule 38 to the extent that its provisions apply.

(b) Oral Argument. Oral argument may be granted either on a party's request or on the Court's own initiative. Argument is governed by Rule 59.

# RULE 74.7. INTERVENTION BY THE STATE

If the constitutionality of a Texas statute is subject of a certified question that the Court of Criminal Appeals has agreed to answer, the State of Texas may intervene at any reasonable time for briefing and oral argument (if argument is allowed) on the question of constitutionality.

# RULE 74.8. OPINION ON CERTIFIED QUESTION

If the Court of Criminal Appeals has agreed to answer a certified question, it will hand down an opinion as in any other case.

# RULE 74.9. MOTZON FOR REHEARING

Any party may file a motion for rehearing within 15 days after the opinion is handed down. The motion must clearly state points relied on for the rehearing. No reply to a motion for rehearing need be filed unless the Court so requests. The Court will not grant a motion for rehearing unless a response has been filed or requested.

# Rule 74.10. Answering Certizfied Questions

After all motions for rehearing have been over-ruled, the clerk of the Court of Criminal Appeals must send to the certifying court the written opinion on the certified questions. The opinion must be under the Court of Criminal Appeals' seal.

# RULE 75. NOTIFICATION; ORAL ARGUMENT

# Rule 75.1. Notification of Argument or Submission

Oral argument will be permitted only in cases designated by the Court of Criminal Appeals. If the Court permits argument in a case, the clerk will be submitted without argument, the clerk will notify the parties of the date of submission. The clerk must use all reasonable diligence to notify counsel of settings, but counsel's failure to receive notice will not necessarily prevent argument or submission of the case on the day it is set.

# Rule 75.2. Request for Argument

If a case is not designated for oral argument but counsel desires oral argument, counsel may—within 30 days of the date of the clerk's notice—petition the Court to allow oral argument is desired.

# Rule 75.3. Oral Argument

Unless extended in a special case, the total maximum time for oral argument is 20 minutes per side. Counsel for the appellant or petitioner is entitled to open and conclude the argument. Counsel should not read at length from the briefs, records, or authorities. Counsel may orally correct a brief, but multiple additional citations should not be given orally; instead, these citations should be filed in writing with the clerk.

# Rule 76. Submissions En Banc

The Court will sit en banc to consider the following types of cases:

(a) direct appeals;

(b) cases of discretionary review;

(c) cases in which leave to file was granted under Rule 72;

(d) cases that were docket under Code of Criminal Procedure articles 11.07 or 11.071;

(e) certified questions; and

(f) rehearings under Rule 79.

# RULE 77. OPINIONS

RULE 77. OPINIONS

# Rule 77.1. Generally

In each case that is argued or submitted without argument to the Court of Criminal Appeals, the Court will hand down a written opinion setting forth the reasons for its decision and any germane precedent. Any judge may file an opinion dissenting from or concurring in the Court's judgment.

# Rule 77.2 Signing; Publication

A majority of the judges will determine whether an opinion will be signed by a judge or issued per curiam, and whether the opinion (or a portion of the opinion) will be published.

## Rule 77.3. Unpublished Opinions

Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court.

# Rule 77.4 Copies

On the date when an opinion is handed down or an order rendered, the clerk of the Court of Criminal Appeals must mail copies of the opinion or order to:

(a) the parties;

(b) the State Prosecuting Attorney;

(c) the trial court clerk; and

(d) if the case is of discretionary review, the court of appeals clerk.

# RULE 78. JUDGMENT IN THE COURT OF CRIMINAL APPEALS

RULE 78. JUDGMENT IN THE COURT OF CRIMINAL APPEALS

# Rule 78.2. Types of Judgment

The Court of Criminal Appeals may:

(a) affirm the lower court's judgment in whole or in part;

(b) modify the lower court's judgment and affirm it as modified;

(c) reverse the court's judgment in whole or in part and render the judgment that the lower court should have rendered;

(d) reverse the lower court's judgment and remand the case for further proceedings;

(e) vacate the judgments of the lower courts and dismiss the case;

(f) vacate the lower court's judgment and remand the case for further proceedings in light of changes in the law; or

(g) dismiss the appeal.

# Rule 78.2. Remand in the Interests of Justice

When reversing the court of appeals' judgment, the Court of Criminal Appeals may, in the interests of justice, remand the case to the trial court even if a rendition of judgment is otherwise appropriate.

# Rule 78.3. Other Orders

The Court of Criminal Appeals may make any other appropriate order required by law and the nature of the case.

# RULE 79. REHEARINGS

# RULE 79.1. MOTION FOR REHEARING

A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

# Rule 79.2. Contents

(a) The motion must briefly and distinctly state the grounds and arguments relied on for rehearing.

(b) A motion for rehearing an order that grants discretionary review may not be filed.

(c) A motion for rehearing an order that refuses or dismisses a petition for discretionary review may be grounded only on substantial intervening circumstances which are specified in the motion. Counsel must certify that the motion is so grounded and that the motion is made in good faith and not for delay.

## Habeas & Rehearing

Even after a defendant has been denied relief in his initial state habeas proceeding and denied relief in his federal habeas proceeding, the Court of Criminal Appeals has the authority to revisit the state writ application under T.R.App.P.79.2(d). Ex parte Moreno, 245 S.W.3d 419 (Tex. Crim. App. 2008) (alleged Penry error). An individual state retains the authority, if it chooses, to revisit one of its own judgments if there is a compelling reason to believe that it may not have been correct on original submission.

# Rule 79.3. Amendments

A motion for rehearing may be amended anytime before the period allowed for filing the motion expires, and leave of the court, anytime before the court decides the motion.

## RULE 79.4. DECISION.

If the Court grants rehearing, the case will be set for submission. Oral argument may, but normally will not, be permitted.

# RULE 79.5. FURTHER MOTION FOR REHEARING

The Court will not consider a second motion for rehearing after rehearing is denied. If rehearing is granted and the Court delivers an opinion on rehearing, a party may file a further motion for rehearing.

# RULE 79.6. EXTENSION OF TIME

The Court may extend the time for filing a motion or a further motion for rehearing if a party files a motion complying with Rule 10.5(b) within the time for filing a motion or further motion for rehearing.

# Rule 79.7, Service

The requirments of Rule 68.11 apply.